UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SMITH Jr., <br><br> Plaintiff, <br><br> v. <br><br> R. ROBERTS, *et al.*, <br><br> Defendants. | CASE NO. C06-5635RJB <br><br><br> ORDER |

This matter comes before the Court on Plaintiff's "Notice of Objection is Given Herein to Denying of the Defendant Motion for an Appointment of Legal Counsel." Dkt. 16-1. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

On October 30, 2006, Plaintiff Robert Smith Jr. filed a proposed complaint under 42 U.S.C. § 1983 and applied for *in forma pauperis* status. Dkt. 1. Pursuant to Title 28 U.S.C. § 636(b)(1)(B), the case was assigned to Magistrate Judge J. Kelley Arnold. Dkt. 16. On December 22, 2006, Plaintiff filed a Motion to Appoint Counsel. Dkt. 6. In his motion, Plaintiff argued that, pursuant to 28 U.S.C. § 1915(e)(1), the Court should appoint counsel to assist Plaintiff because (1) Plaintiff is unable to afford counsel; (2) Plaintiff's imprisonment conditions will limit his ability to litigate his claim; (3) Plaintiff's trial will likely involve conflicting testimony; and (4) Plaintiff has attempted and failed to obtain a lawyer. *Id.*

On January 24, 2007, Judge Arnold issued an Order Denying Plaintiff's Motion to Appoint

ORDER
Page 1

Counsel. Dkt. 12. After noting relevant law, Judge Arnold stated that "[P]laintiff has made no showing of likelihood of success on the merits." *Id.* On February 6, 2007, Plaintiff filed the instant objections to Judge Arnold's order, re-stating his previous reasons supporting his motion for appointment of counsel. Dkt. 16-1.

To the extent Plaintiff objects to Judge Arnold's order pursuant to Fed. R. Civ. P. 72(a), Plaintiff's motion should be denied. Fed. R. Civ. P. 72(a) provides in relevant part as follows:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order . . . . The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Plaintiff has filed an amended complaint (Dkt. 18), which sets forth in greater detail the alleged facts leading to a potential violation of his civil rights, and has filed a more thorough discussion of the facts supporting his motion for appointment of counsel (Dkt. 16-1). However, Plaintiff has failed to show that Judge Arnold's order is clearly erroneous or contrary to law.

No right exists to have counsel appointed in cases brought under 42 U.S.C. § 1983. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Although the Court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.* Judge Arnold properly reviewed Plaintiff's showing of the likelihood of success on the merits and Plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved.

Additionally, Plaintiff points to two cases to support his position: *Hendricks v. Coughlin*, 114 F.3d 390 (2d Cir. 1997), and *Parham v. Johnson*, 126 F.3d 454, 461 (3rd Cr. 1997). Dkt. 16-1, at 4. These two cases are unhelpful, as the Second and Third Circuits do not employ the same "exceptional circumstances" test applied in the Ninth Circuit. *Parham*, 126 F.3d at 457. Consequently, the case law cited by Plaintiff does not aid his position.

Therefore, it is hereby:

ORDER
Page 2

1   **ORDERED** that Plaintiff's "Notice of Objection is Given Herein to Denying of the
2   Defendant Motion for an Appointment of Legal Counsel" (Dkt. 16-1) is **DENIED**.
3   The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel
4   of record and to any party appearing *pro se* at said party's last known address.
5   DATED this 26th day of February, 2007.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page 3