UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SMITH Jr.,<br><br>               Plaintiff,<br><br>v.<br><br>R. ROBERTS, et al.,<br><br>               Defendants. | Case No.  C06-5635RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br><br>**June 29, 2007** |

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant's motion to dismiss at the 12 (b) (6) stage (Dkt. # 28). Plaintiff has responded (Dtk # 31).  Defendant has replied (Dkt. # 30).  This matter is ripe for review. Having reviewed the file the court concludes defendant's motion should be **GRANTED.  This matter should be dismissed with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g).**

<u>FACTS</u>

On October 24, 2006, at approximately 6:00 P.M., plaintiff was returning to his cell at the Stafford Creek Corrections Center.  Plaintiff was stopped by Sgt. R. Roberts for a random pat search (Dkt. # 18, amended complaint).  Sgt. Roberts found two I.D. cards that identify plaintiff as having an affiliation with religious organizations. The cards are in evidence as exhibits to the amended complaint (Dkt. # 18, exhibits).  One of the exhibits is legible and identifies plaintiff as a minister of the American Fellowship Church (Dkt. # 18).  The other exhibit is too dark for the court to read.

Sgt. Roberts confiscated the cards and issued an infraction.  On October 31, 2007, plaintiff was found guilty of a general infraction, having unauthorized items, the cards.  He was issued a warning not to take the cards outside his cell, and the cards were apparently returned to him as he provided copies with his amended complaint (Dtk # 18, exhibits).

This action followed, and Mr. Smith alleges violations of his Religious Rights under both the Religious Land Use and Institutionalized Persons Act, RLUIPA and the First Amendment.  He also alleges a Due Process and Equal Protection violation under the Fourteenth Amendment.  Additionally, in the request for relief, plaintiff asks the court to find an Eighth Amendment violation (Dkt. # 18).

Defendants move to dismiss for failure to state a claim and argue:

1.       No substantial burden has been placed on plaintiff's religion.

2.       The claims do not rise to the level of a constitutional violation.

3.       The State is not a person and the State is entitled to Eleventh Amendment immunity.

(Dkt. # 28, page 3).

<u>Standards of Review</u>

This case requires the court to consider several different standards.

1.       <u>12 (b) (6).</u>

A court should dismiss a claim under Fed. R. Civ. P. 12 (b) (6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.  <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957).  Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief.  <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988).

The court liberally construes plaintiff's pleadings because he is acting pro se.  However, there are limits as to how far the court may go in construing a complaint.  The court cannot add facts to a complaint that have not been plead and cannot supply essential elements to a complaint that the plaintiff has failed to

1  plead.  Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

2      2.    RLUIPA Claim.

3  RLUIPA provides in relevant part:

4  No government shall impose a substantial burden on the religious exercise of a person
   residing in or confined to an institution... even if the burden results from a rule of general
5  applicability, unless the government demonstrates that imposition of the burden on that
   person–

6      (1)    is in furtherance of a compelling governmental interest; and

7      (2)    is the least restrictive means of furthering that compelling governmental interest.

8  42 U.S.C. § 2000cc-1.  The term "religious exercise" includes "any exercise of religion, whether or not

9  compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc-5(7)(A).

10      3.    First Amendment Claim.

11  "[A] prison inmate retains those First Amendment rights that are not  inconsistent with his status as

12  a prisoner or with the legitimate penological  objectives of the corrections system."  Pell v. Procunier, 417

13  U.S. 817,  822 (1974).  Prison regulations that limit an inmate's constitutional rights are valid if they are

14  "reasonably related to legitimate penological interests."  Turner v. Safely, 482 U.S. 78, 89 (1987).

15      The Supreme Court has set forth the factors to be used in determining the reasonableness of a

16  prison regulation:  1) There must be a valid, rational connection between the regulation and the  legitimate

17  governmental interest put forward to justify it.  A regulation  cannot be sustained where the logical

18  connection between the regulation and the  asserted goal is so remote as to render the policy arbitrary or

19  irrational.  The government objective must be a legitimate and neutral one.  It is important  to inquire if

20  prison regulations restricting First Amendment rights operate in a neutral fashion, without regard to the

21  content of the expression.  2) Is there another alternative means of exercising the right that remains open; if

22  so, courts should be particularly conscious of the measure of judicial deference owed to corrections

23  officials.  3) What impact will the accommodation of the asserted right have on guards, other inmates and

24  the allocation of prison resources generally.  If the accommodation will have a significant ripple effect the

25  courts should be  particularly deferential to the informed discretion of correctional officials.  4) The

26  absence of ready alternatives is evidence of the reasonableness  of a prison regulation.  Id. at 89-90.

27      RLUIPA grants plaintiff greater protection for a religious claim than the First Amendment.  His

28  religious claim will be considered under RLUIPA.

REPORT AND RECOMMENDATION
Page - 3

1    4.    Fourteenth Amendment and Equal Protection Claims.

2    A.    Due Process.

3    The Due Process clause of the Fourteenth Amendments provides that no person shall be deprived

4    of life, liberty or property without due process of law. In analyzing a procedural due process claim, a court

5    must first determine whether the claimant has been deprived of a liberty or property interest protected by

6    the Constitution;  if so, the court must determine whether the procedures attendant upon that deprivation

7    were constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454 (1989).

8    B.    Equal Protection.

9    The Equal Protection Clause prohibits a state from denying to any person within its jurisdiction the

10   equal protection of the laws, which is essentially a direction that all persons similarly situated should be

11   treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, (1985);  Jones Intercable

12   v. City of Chula Vista, 80 F.3d 320, 327 (9th Cir.1996).  Prisoners are protected under the Equal

13   Protection Clause of the Fourteenth Amendment from invidious discrimination based on race.  Wolff v.

14   McDonnell, 418 U.S. 539, 556 (1974).  To establish a violation of equal protection, a plaintiff must show

15   that he or she received treatment invidiously dissimilar to that received by other inmates.  Divers v.

16   Department of Corrections, 921 F.2d 191, 193 (8th Cir.1990).   In addition, a plaintiff must demonstrate

17   that defendants acted with the intent to discriminate.  Sischo-Nownejad v. Merced Community College

18   Dist., 934 F.2d 1104, 1112 (9th Cir. 1991). Discriminatory intent may be proven directly or through

19   circumstantial evidence.  See Lowe v. City of Monrovia, 775 F.2d 998, 1011 (9th Cir. 1985), amended on

20   other grounds, 784 F.2d 1407 (9th Cir. 1986).  Allegations of discrimination that are conclusory cannot

21   withstand a motion for summary judgment.  See Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409,

22   1419 (9th Cir. 1988).

23   5.    Eighth Amendment.

24   The Eighth Amendment prohibits infliction of cruel and unusual punishment.  The Eighth

25   Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities.

26   Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Young v. Quinlan, 960 F.2d 351, 359 (3rd Cir. 1992).  To

27   establish an Eighth Amendment violation, an inmate must allege two elements.  The objective element is

28   that the deprivation was sufficiently serious.  The subjective element is that a prison official acted with

REPORT AND RECOMMENDATION
Page - 4

1  deliberate indifference.  <u>Young</u>, at 359-60.  To constitute deliberate indifference, an official must know of

2  and disregard an excessive risk to inmate health or safety;  the official must be aware of facts from which

3  the inference could be drawn that a substantial risk of serious harm exists; and the official must also draw

4  the inference.  <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

5      6.    <u>Eleventh Amendment</u>.

6      The Eleventh Amendment to the United States Constitution bars a person from suing a state in

7  federal court without the state's consent.  <u>See</u> <u>Seminole Tribe of Florida v. Florida</u> 517 U.S. 44 (1996);

8  <u>Natural Resources Defense Council v. California Dep't of Transportation</u>, 96 F.3d 420, 421  (9th Cir.

9  1996). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. §

10  1983.  <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).  Washington has not waived the protection of the Eleventh

11  Amendment.  <u>Edgar v. State</u>, 92 Wn.2d 217 (1979).

12                          <u>Discussion</u>

13      1.    <u>The State as a defendant</u>.

14      Neither states nor state officials acting in their official capacities are persons for purposes of 42

15  U.S.C. § 1983.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 48, 71 (1989).  This rule applies equally

16  to state agencies.  <u>See</u> <u>Kaimowitz v. Board of Trustees of the Univ. of Ill.</u>, 951 F.2d 765, 767 (7th Cir.

17  1991); <u>Johnson v. Rodriguez</u>, 943 F.2d 104, 108 (1st Cir. 1991).  Because they are not persons within the

18  meaning of § 1983, plaintiff has not stated a cause of action against the state.

19      Plaintiff's claims against the state are also barred by the Eleventh Amendment.  The Eleventh

20  Amendment to the United States Constitution bars a person from suing a state in federal court without the

21  state's consent.  <u>See</u> <u>Seminole Tribe of Florida v. Florida</u> 517 U.S. 44 (1996); <u>Natural Resources Defense</u>

22  <u>Council v. California Dep't of Transportation</u>, 96 F.3d 420, 421  (9th Cir. 1996).  Eleventh Amendment

23  immunity extends to state agencies.  <u>Pennhurst State Sch. & Hosp. v. Holdeman</u>, 465 U.S. 89, 101-

24  102(1984). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C.

25  § 1983.  <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).  Washington has not waived the protection of the Eleventh

26  Amendment.  <u>Edgar v. State</u>, 92 Wn.2d 217 (1979).

27      Plaintiff fails to state a claim against the State of Washington.  Defendant State of Washington is

28  entitled to **DISMISSAL** at the 12 (b) (6) stage.

1

       2.      <u>RLUIPA and the First Amendment</u>.

2           Under RLUIPA, plaintiff "bears the initial burden of going forward with evidence to demonstrate a

3 prima facie claim" that the challenged action constitutes "a substantial burden on the exercise of his

4 religious beliefs." <u>Warsoldier v. Woodford</u>, 418 F3d 989, 994 (9th Cir. 2005)(citing <u>Cutter v. Wilkinson</u>,

5 544 U.S. 709, 716-17 (2005)).  To be considered a "substantial burden," the challenged state action "must

6 impose a significantly great restriction or onus upon such exercise." <u>Warsoldier</u> at 995.

7           Plaintiff has failed to allege or show any burden has been placed on his ability to practice his

8 religion.  Papers identifying him as a member of the clergy were confiscated. After a hearing they were

9 returned and plaintiff was warned not to take the documents out of his cell.  Plaintiff does not allege or

10 show any restrictions being placed on his ability to practice or exercise any tenet of his faith.  Plaintiff fails

11 to state a claim.  Further, the ability to practice ones religion and the ability to act as a member of the

12 clergy for that religion are separate issues.  Plaintiff does not show a violation of either issue under the

13 facts of the amended complaint (Dkt. # 18).  The court cannot add facts to a complaint that have not been

14 plead and cannot supply essential elements to a complaint that the plaintiff has failed to plead.  <u>Pena v.</u>

15 <u>Gardner</u>, 976 F.2d 469 (9th Cir. 1992).  Defendants are entitled to **DISMISSAL** at the 12 (b) (6) stage.

16       3.      <u>Fourteenth Amendment and Equal Protection</u>.

17       A.      <u>Due Process</u>.

18           On October 24, 2006, Plaintiff was searched and I.D. cards were taken from him.  At the core of

19 the due process clause is the right to notice and a hearing "at a meaningful time and in a meaningful

20 manner." <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965).  "Ordinarily, due process of law requires an

21 opportunity for 'some kind of hearing' prior to the deprivation of a significant property interest." <u>Memphis</u>

22 <u>Light, Gas & Water Div. v. Craft</u>, 436 U.S. 1, 19 (1978); <u>Hodel v. Virginia Surface Mining & Recl. Ass'n</u>,

23 452 U.S. 264, 299 (1981); <u>Fuentes v. Shevin</u>, 407 U.S. 67, 81-82 (1972); <u>Boddie v. Connecticut</u>, 401 U.S.

24 371, 378-79 (1971); <u>Tom Growney Equipment, Inc. v. Shelley Irrigation Dev., Inc</u>., 834 F.2d 833, 835

25 (9th Cir.1987).  Only in extraordinary circumstances involving "'the necessity of quick action by the State

26 or the impracticality of providing any [meaningful] pre-deprivation process'" may the government dispense

27 with the requirement of a hearing prior to the deprivation.  <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422,

28 436 (1982)(*quoting* <u>Parratt v. Taylor</u>, 451 U.S. 527, 539 (1981)).  <u>Parratt</u> held that the deprivation of

1  property "as a result of a random and unauthorized act by a state employee," does not violate due process,

2  so long as there is no showing that post-deprivation procedures for obtaining compensation are inadequate

3  or "that it was practicable for the State to provide a pre-deprivation hearing." Parratt v. Taylor, 451 U.S. at

4  543.

5       Here, there was no possible way to give plaintiff a hearing prior to a random pat search.  Further,

6  there is nothing in the amended complaint to indicate Sgt. Roberts was aware he would find contraband on

7  Mr. Smith when he searched him.  The items may or may not represent a significant property interest.

8  Nevertheless, the items were confiscated pending a hearing.  At the hearing held October 31, 2006, plaintiff

9  was found guilty and warned not to take the items out of his cell again.  Apparently the items were

10 returned as plaintiff provides copies of the documents with his amended complaint (Dkt. # 18 exhibits).

11 Post deprivation remedies proved adequate in this case.  Plaintiff was deprived of the cards for five days

12 pending a hearing.  Plaintiff fails to state a claim.  Defendants are entitled to **DISMISSAL** at the 12 (b) (6)

13 stage.

14       B.    Equal Protection.

15       In the amended complaint, (Dkt. # 18), plaintiff mentions the legal concept of Equal Protection of

16 Law on page 6.  Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment

17 from invidious discrimination based on race.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  To establish

18 a violation of equal protection, a plaintiff must show that he or she received treatment invidiously dissimilar

19 to that received by other inmates.  Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir.1990).

20  In addition, a plaintiff must demonstrate that defendants acted with the intent to discriminate.  Sischo-

21 Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir. 1991). Discriminatory

22 intent may be proven directly or through circumstantial evidence.  See Lowe v. City of Monrovia, 775 F.2d

23 998, 1011 (9th Cir. 1985), amended on other grounds, 784 F.2d 1407 (9th Cir. 1986).  Allegations of

24 discrimination that are conclusory cannot withstand a motion for summary judgment.  See Forsberg v. Pac.

25 Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir. 1988).

26       Plaintiff makes no allegation of racial discrimination in the amended complaint (Dkt. # 18).  Nor

27 does he allege the pat search was anything other than a random search (Dkt. # 18).  The court cannot add

28 facts to a complaint that have not been plead and cannot supply essential elements to a complaint that the

1  plaintiff has failed to plead.  Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).  A plaintiff must plead factual

2  allegations with specificity; vague and conclusory allegations fail to state a claim for relief.  Colburn v.

3  Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

4          In his response to defendant's motion to dismiss plaintiff now raises the specter of an improper

5  motive in searching him (Dkt. # 31). The plaintiff filed his original complaint on January 24, 2007, (Dkt. #

6  15).  On February 20, 2007, he filed an amended complaint (Dkt. # 18).  This allegation is not part of the

7  amended complaint.

8          Pursuant to Fed. R. Civ. P 15 (a) a plaintiff may amend his complaint once as a matter of course

9  without leave of court.  Plaintiff has done so in this case.  Before again amending the complaint plaintiff

10  must seek leave of court.  Plaintiff has not filed a motion to amend and has not provided the court with any

11  facts to support an allegation or inference of racial discrimination.  A plaintiff must plead factual allegations

12  with specificity; vague and conclusory allegations fail to state a claim for relief.  Colburn v. Upper Darby

13  Township, 838 F.2d 663, 666 (3rd Cir. 1988). Defendants are entitled to **DISMISSAL** at the 12 (b) (6)

14  stage.

15          4.       Eighth Amendment Claim.

16          Plaintiff mentions the Eighth Amendment in his request for relief (Dkt. # 18).  The Eighth

17  Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities.

18  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Young v. Quinlan, 960 F.2d 351, 359 (3rd Cir. 1992).  To

19  establish an Eighth Amendment violation, an inmate must allege two elements.  The objective element is

20  that the deprivation was sufficiently serious.  The subjective element is that a prison official acted with

21  deliberate indifference.  Id. at 359-60.

22          Plaintiff fails to show any serious deprivation and this claim is devoid of merit.  Defendants are

23  entitled to **DISMISSAL** at the 12 (b) (6) stage.

24          Accordingly, the defendants motion should be granted and this action should be **DISMISSED**

25  **WITH PREJUDICE.  This dismissal counts as a strike under the Prison Litigation Reform Act, 28**

26  **U.S.C. § 1915 (g).**  A proposed order accompanies this Report and Recommendation.  Pursuant to 28

27  U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10)

28  days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file

REPORT AND RECOMMENDATION
Page - 8

objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140

(1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for

consideration on **June 29, 2007.** as noted in the caption.

DATED this 6 day of June, 2007.

<u>/S/ *J. Kelley Arnold*</u>
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 9