UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SMITH Jr.,<br><br>    Plaintiff,<br><br>  v.<br><br>R. ROBERTS, *et al.*,<br><br>    Defendants | Case No. C06-5635RJB<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION AND DENYING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on the plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Dkt. 34) and Motion for Extension of Time (Dkt. 33). The Court has considered the motions, the defendants' responses, and the remainder of the file herein.

**I. BACKGROUND**

On May 4, 2007, the defendants moved to dismiss Mr. Smith's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 28. The plaintiff responded to the motion. Dkt. 31. The motion is ripe for review, and a Report and Recommendation recommending that the motion be granted is currently pending. Dkt. 32. Mr. Smith objected to the Report and Recommendation, and his objections are noted for consideration on July 6, 2007. Dkt. 37.

Mr. Smith now moves for additional time to respond to the Defendants' Motion to Dismiss. Dkt. 33.

ORDER
Page 1

## II. DISCUSSION

### A. EXTENSION OF TIME

Mr. Smith contends that an extension of time is warranted because he is having trouble sending and receiving mail and making photocopies. *Id.* at 2. Mr. Smith has successfully filed a response to the Defendants' Motion to Dismiss, objections to the Report and Recommendation, and two motions. *See* Dkt. 31; Dkt. 37; Dkt. 33: Dkt. 34. It appears that any problems Mr. Smith may have experienced have been resolved. An extension of time to file a supplemental response is not warranted.

### B. TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Under the Prison Litigation Reform Act, 18 U.S.C. §3626, Mr. Smith is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988).

When the opposing party receives notice and an opportunity to be heard, the standards for issuance of a preliminary injunction are the same as those for issuance of a temporary restraining order. *See* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* §2951 (2d ed.) A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400

(9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id*. at 795.

**1. Irreparable Injury**

To secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). The burden of showing a likelihood of a recurrence of harm is "firmly on the plaintiff." *Id.* at 1251. To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991). The moving party "must do more than merely allege imminent harm" and "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id.* at 1410.

Indigent inmates have a constitutional right to meaningful access to the courts and must therefore be provided with postage stamps, at state expense, to mail legal documents. *Bounds v. Smith*, 430 U.S. 817, 821-23, 824-25 (1977); *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). There is no established minimum requirement that states must meet in order to provide indigent inmates with adequate access to the courts. *King*, 814 F.2d at 568. A claim of denied access to the courts requires evidence of an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Mr. Smith fails to demonstrate a significant risk of future irreparable harm. Mr. Smith contends that staff members at the Stafford Creek Corrections Center ("SCCC") rejected three of the plaintiff's mailings and did not follow Department of Corrections policies in doing so. Dkt. 35 at 2. Mr. Smith does not demonstrate that SCCC staff failed to comply with Department of Corrections

ORDER
Page 3

policies or that there is a significant likelihood of such a harm in the figure. In addition, Mr. Smith was ultimately able to file a response to the Defendants' Motion to Dismiss, and the Report and Recommendation considered the response despite the response being untimely filed. *See, e.g.*, Dkt. 32 at 8.

**2. Likelihood of Prevailing on the Merits**

Mr. Smith fails to demonstrate a likelihood that his case will succeed on its merits. The pending Report and Recommendation concludes that Mr. Smith's claims should be dismissed. Dkt. 32. While the Court has not yet determined whether to adopt the Report and Recommendation, the discussion of Mr. Smith's case in the Report and Recommendation casts doubt on whether the plaintiff's claims will likely succeed on their merits.

**3. Balance of Potential Harm and Public Interest**

Mr. Smith fails to persuade the Court that the balance of potential harm favors the plaintiff or that the public interest favors granting relief. Mr. Smith seeks to enjoin the activities of persons who are not parties to his lawsuit and fails to demonstrate that his access to the courts has been negatively impacted. The Court should therefore deny the plaintiff's motion for a temporary restraining order or a preliminary injunction.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Dkt. 34) is **DENIED**, and the plaintiff's Motion for Extension of Time (Dkt. 33) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 3rd day of July, 2007.

Robert J. Bryan
United States District Judge

ORDER
Page 4