UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT SMITH Jr.,

    Plaintiff,

  v.

R. ROBERTS, *et al.*,

    Defendants.

Case No. C06-5635RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Kelley Arnold (Dkt. 32). The Court has considered the Report and Recommendation, the plaintiff's objections (Dkt. 37), the defendants' response to the objections (Dkt. 40), and the remainder of the file herein.

## I. BACKGROUND

The Report and Recommendation concludes that dismissal of Mr. Smith's claims under Federal Rule 12(b)(6) is proper because (1) the State of Washington is not a "person" under 42 U.S.C. §1983; (2) the State of Washington has not waived it immunity under the Eleventh Amendment; (3) Mr. Smith fails to demonstrate or allege that the defendants have burdened his ability to practice or exercise his religion; (4) Mr. Smith was afforded due process when identification cards were seized during a random pat search; (5) Mr. Smith fails to demonstrate or

ORDER
Page 1

allege that the pat search denied him equal protection under the law; and (6) Mr. Smith fails to allege a serious deprivation or deliberate indifference as required under the Eighth Amendment. Dkt. 32. The Report and Recommendation also recommends that Mr. Smith not be allowed to amend his complaint because he has already amended his complaint once as matter of course and has not moved to amend or provided factual allegations that would justify such a motion. *Id.* at 8. The Court agrees with the findings and conclusions in the Report and Recommendation (Dkt. 32).

## **II. DISCUSSION**

Mr. Smith has objected to the Report and Recommendation. Dkt. 37. The vast majority of the plaintiff's objections contains lengthy discussions of certain constitutional amendments (Dkt. 37 at 5-9, 14-20). The plaintiff offers two specific objections to the Report and Recommendation:

First, Mr. Smith objects to the Report and Recommendation's conclusion that the State of Washington is not a "person" under 42 U.S.C. §1983. *Id.* at 9. Mr. Smith asks that the Court ignore the Supreme Court and Ninth Circuit precedent cited in the Report and Recommendation and hold that the State of Washington qualifies as a "person" under 42 U.S.C. §1983. *See, e.g.*, Dkt. 37 at 9 ("[T]he State of Washington [] is not just one but it is made up of many's/many's [sic] persons."). The plaintiff having failed to offer a legal basis for suing the State of Washington under 42 U.S.C. §1983, the Court should adopt the Report and Recommendations and dismiss the plaintiff's claims against the State of Washington.

Second, Mr. Smith contends that he did not consent to assignment of his case to a magistrate judge. Dkt. 37 at 4. The power of federal magistrate judges is limited by 28 U.S.C. §636. If the parties consent, Section 636(c) grants magistrate judges expansive powers in civil actions. *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992). If the parties do not consent, the magistrate judge's power is confined to the authority granted by Section 636(b)(1). Pursuant to Section 636(b)(1), a district court judge may designate a magistrate judge to submit to proposed findings of fact and recommendations for the disposition of certain motions. 28 U.S.C. §636(b)(1). The parties may object to such a report, and the district judge may accept, reject, or modify the findings within such a report. *Id.* In this case, Magistrate Judge Arnold submitted a Report and Recommendation

ORDER
Page 2

1  recommending dismissal of Mr. Smith's claims, and Mr. Smith was afforded an opportunity to
2  object. Mr. Smith's consent to such a procedure is not required by 28 U.S.C. §636.
3      Mr. Smith offering no other basis for objecting to the Report and Recommendation, the
4  Court should adopt the Report and Recommendation and dismiss the complaint.

### III. ORDER

6      Therefore, it is hereby **ORDERED** that
7      (1) The Court **ADOPTS** the Report and Recommendation (Dkt. 32);
8      (2) This action is **DISMISSED** for failure to state a claim; and
9      (3) This dismissal constitutes a strike for purposes of 28 U.S.C. §1915(g).
10     The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
11 record, to any party appearing pro se at said party's last known address, and to the Hon. J. Kelley
12 Arnold.
13     DATED this 9th day of July, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge